KEVIN BAUM
Mailing Address:
2099 Marina Blvd,
San Leandro, CA 94577
(510) 927-8171
Baumkevin410@gmail.com

ALEJANDRA VANPELL
Mailing Address:
1243 29th St.
Richmond, CA 94804
(512) 905 9993
avanpell@gmail.com

IN PRO PER

## U.S. DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| Kevin Baum, and Alejandra VanPell<br><br>Plaintiffs,<br><br>vs.<br><br>Paul Llanez Peralta College Director of Public Safety; and Janet N. Jackson, Peralta College Interim Chancellor<br><br>Defendants. | Case No.: C 21-08485 WHO<br><br>**VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND DECLARATORY AND INJUNCTIVE RELIEF** |

### I. BASIS OF JURISDICTION

1. This case presents a federal question under the 4th, 8th, and 14th Amendments of the U.S. Constitution, and 42 U.S.C. § 1983 and 28 U.S.C. § 1331, because this complaint seeks relief from deprivation of plaintiff's federal constitutional and statutory rights, and state granted property rights under color of local government authority. Plaintiffs' claims for a temporary restraining order and

- 1 -
Verified Complaint for Restraining Order or Injunctive and Declaratory Relief

injunctive and declaratory relief are authorized by 28 U.S.C. §§2201-2202, and Federal Rules of Civil Procedure 65.

## PARTIES

### Plaintiffs

2. **Kevin Baum** - Mailing Address: 2099 Marina Blvd, San Leandro, CA 94577, Phone: (510) 927-8171. Email: Baumkevin410@gmail.com

3. **ALEJANDRA VANPELL** - Mailing Address: 1243 29th St., Richmond, CA 94804, Phone: {512} 905-9993, Email: avanpell@gmail.com

### Defendants

4. **Paul Llanez**, Peralta College Director of Public Safety - Mailing Address: Peralta College 333 E. 8th Street, Oakland, Ca 94606, Phone: unknown, email address: unknown

5. **Janet N. Jackson**, Peralta College Interim Chancellor – Mailing Address: Peralta College 333 E. 8th Street, Oakland, Ca 94606, Phone: (510) 466-7200, Email: jjackson@peralta.edu.

### III, BASIS OF CLAIM

6. Plaintiffs now occupy and are living on a property on 5th Avenue in Oakland, California. The property is adjacent to a Laney College warehouse building on one side and a lumber company on the other.

7. Before plaintiffs occupied the property, the property was a public nuisance. It was filled with invasive weeds and trash. The weed seed stocks grow over 8' tall, and are a significant fire hazard in the late summer and Fall season. There have been multiple small fires on the property, and the fire hazard has been a serious concern of the adjacent lumber company. The invasive weed seeds from the property have spread by wind across 5th Ave. and have created weed control problems in those areas. Many tall trees were growing so close to the adjacent college warehouse building, that runs the length of the property, that some were growing up against the rim joist of the building. The property has been used by thieves for access to the adjacent lumber company and there have been multiple thefts of lumber. There also have been multiple RAVE parties on the

property. The RAVE party organizers and thieves have cut the lock on the gate to the property multiple times

8. During plaintiffs' occupancy of the property they have substantially cleaned it up and it is now no longer a public nuisance. Over ninety per cent of the trash and weeds have been removed, most of the trees growing too close to the warehouse have been removed, the property is occupied which is a deterrent to thieves and RAVE parties, and the clean-up is continuing

9. On Oct. 26, 2021, defendant Llanez personally ordered Plaintiffs to vacate the foregoing property they occupy and live on. As the legal authority for his order, Llanez falsely stated that Peralta College is the owner of the property. Plaintiffs know that it was false because they have an email and related documents from the Alameda County Assessor's office that show that Peralta College does not own the property. Plaintiffs objected to Lanez that the College did not own the property, but Llanez did not heed Plaintiffs' objections that the College did not own the property, did not look at their evidence that it did not, and did not show Plaintiffs any documents to back up his contention that the College owned the property.

10. Defendant Llanez also stated that his order to vacate originated from Peralta College defendant Chancellor Jackson, and further stated that he would tow plaintiffs' vehicles including the one they are now living in, and would also remove their personal property and persons, if they did not vacate the subject property by Tuesday, Nov. 2, 2021.  Llanez did not offer plaintiff's an alternate place of residence.

11   By the foregoing acts of defendants, plaintiffs' federal constitutional and statutory rights under the 4th, 5th, 8th, and 14th amendments of the U.S. Constitution and 42 U.S.C. § 1983 were violated.  Defendants' order to vacate had no legal authority, no due process was provided to plaintiffs concerning their evidence, and pleading to defendant Llanez, that the College did not own the property, Plaintiff's were not offered an alternative residence, and while thieves and RAVE partiers were tolerated by the college, Plaintiffs who cleaned up the property and eliminated the foregoing nuisances were not. The order also violated Plaintiffs' state statutory property right under California Civil Code § 1006, which mandates that only a person with a valid legal title may evict a

person or persons occupying the title-holder's property.

12. On Oct. 30, 2021, Plaintiffs sent an email to defendant Jackson with an attached copy of the email from the Assessor's Office showing that the college did not own the property. On the same day, they also sent an email to defendant Jackson, stating their demand that defendants cease and desist their actions to remove Plaintiffs from the property. Attached to the second email was a 1st draft copy of this complaint so that defendant Jackson was fully apprised of the facts and proof that the College did not own the property. At 11:00 pm on Oct. 31, 2021, Plaintiffs sent an email to defendant Jackson stating their intent to file a request for a temporary restraining order. There has been no response from defendants. Because time is of the essence this complaint is now filed. Plaintiffs will suffer irreparable injury if the temporary restraining order is not granted.

### IV. REQUEST FOR RELIEF

13. Wherefore, Plaintiffs request that the Court:

(a) Grant Plaintiffs a temporary restraining order enjoining defendants from seizing and removing their vehicles, personal property, and persons from the subject property.

(b) Declare defendants' conduct unlawful, and permanently enjoin defendants from seizing and removing Plaintiffs' vehicles, personal property, and persons from the subject property, or otherwise disturbing their peace.

### V. CERTIFICATION

14. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; 2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation- and (4) the complaint otherwise complies with the requirements of Rule 11.

15. I agree to provide the Clerk's office with any change to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's

Office may result in the dismissal of my case.

## VI. PLAINTIFFS' VERIFICATION OF THE COMPLAINT

16. I, Kevin Baum, and I, Alejandra VanPell, are the plaintiffs in this action. We have read the foregoing complaint. We know that all allegations we have personal knowledge of are true, and we believe the allegations that we do not have personal knowledge of to be true based on information given to us by persons with personal knowledge of those facts who will testify to their truth.

Executed on: 11-1-2021      By: _____

In Oakland, CA, County of Alameda           Kevin Baum, Plaintiff

By: _____

Alejandra VanPell, Plaintiff