UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BAUM, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PAUL LLANEZ, et al.,<br><br>    Defendants. | Case No. 21-cv-08485-WHO<br><br>**ORDER DENYING SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 27 |

Pro se plaintiffs Kevin Baum and Alejandra VanPell ("the plaintiffs") seek summary judgment that they have a lawful interest in an Oakland, California, property and therefore cannot be removed by defendants Paul Llanez and Jannett N. Jackson ("the defendants"), the director of public safety and interim chancellor of the Peralta Community College District ("the District"). Pursuant to Civil Local Rule 7-1(b), this motion is suitable for disposition without oral argument. It is DENIED. The defendants have shown a dispute of material fact over ownership of the property, namely whether the District exercised possession and control over it. Moreover, defendants' investigation into title—which could be dispositive of this case—remains ongoing.

**BACKGROUND**

The plaintiffs are currently living and working on an otherwise-vacant property located on 5th Avenue in Oakland, California, between 8th Street and Embarcadero, APN 18-455-10 ("the Property"). *See* Mot. for Summ. J. ("MSJ") [Dkt. No. 27] 2:2-4; Oppo. [Dkt. No. 34] 2:4-8. According to the plaintiffs, they cleaned up the Property, removed trash, weeds, and other items, and moved in their vehicles and personal belongings. MSJ at 4:7-11. They now live in a van on the Property and "operate their recycling and clean up business" there as well. *Id*. at 4:10-11.

On October 26, 2021, the defendants, believing that the District owns the Property, told the plaintiffs that if they did not vacate within one week, they would remove their personal belongings. *See* Oppo. at 4:5-7. The plaintiffs filed a request for a temporary restraining order on November 1, 2021, which I granted the same day. Dkt. No. 1. On November 10, 2021, I issued a preliminary injunction, enjoining the defendants from removing the plaintiffs or their belongings from the Property. *See* Dkt. No. 24.

The issue then is the same as it is now: Although the defendants assert that the District owns the Property via a 1967 transfer to the District by the City of Oakland, they have not produced a valid title. *See* Oppo. at 2:10-11. The defendants state that they are currently investigating title, but that the "process is not yet complete," as "[t]he ongoing investigation includes locating, analyzing and interpreting the legal property descriptions on the relevant grant deeds, which have proven difficult to interpret due to changes in the street alignments and landmarks by which those descriptions are stated." *Id*. at 2:14-20 (citing Smith Decl. ¶ 5). The District is also searching its archives for records related to the Property's transfer. *Id*. at 2:20-22.

## LEGAL STANDARD

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. The party opposing summary judgment must present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). On summary judgment, the court draws all reasonable factual inferences in favor of the non-movant. *Id.* at 255.

## DISCUSSION

The defendants have shown a dispute of material fact regarding ownership of the Property

by presenting evidence that the District exercised continuous possession and control over the Property before the plaintiffs moved onto it. They proffer the sworn declarations of the former and current interim vice chancellors of General Services for the District, who stated that, among other things, the District (i) installed a fence and locked gate around the Property, (ii) regularly sent security guards to patrol it, and (iii) took actions to remove trespassers and pick up the garbage they left behind. *See* Oppo., Smith Decl. at ¶¶ 7-9; Ikharo Decl. at ¶¶ 6-7.[1] The defendants also submit a January 2016 contract that the District entered into with a company to repair the fence surrounding the Property. *See* Smith Decl., Ex. A. If the plaintiffs are correct that the defendants will not be able to produce valid title—which, to be clear, is not yet determined—whether the defendants have ownership of the Property and can lawfully remove the plaintiffs will depend on these and similar facts. Drawing all reasonable factual inferences in the defendants' favor, they have shown, at the least, a dispute of fact over possession of the Property.

## CONCLUSION

The plaintiffs' motion for summary judgment is DENIED. The preliminary injunction remains in effect. The Case Management Conference remains scheduled for July 5, 2022.

**IT IS SO ORDERED.**

Dated: March 7, 2022

William H. Orrick
United States District Judge

---

[1] The plaintiffs object to the declarations as hearsay and because the declarants, as "office workers" lack personal knowledge to the acts to which they testify. Reply [Dkt. No. 36] 3-4. Both declarants state that their testimony is based on their personal knowledge. *See* Oppo., Smith Decl. at ¶ 1; Ikharo Decl. at ¶ 1. The objections are overruled.